UNITED STATES DISTRICT COURT
For the
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| FULL MOON LOGISTICS, LLC, | ) | |
| a Florida Limited Liability Company, | ) | |
| and | ) | |
| JADESH JAIGOBIND, | ) | |
| an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| BALD EAGLE LOGISTICS, INC., | ) | JURY TRIAL ELECTED |
| a New Jersey Corporation, | ) | |
| and | ) | |
| MALIAN NUS, | ) | |
| an individual. | ) | |
| | ) | |
| _____/ | ) | |

**COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT**
**(28 U.S.C. § 1332; Diversity of Citizenship)**

COMES NOW Plaintiffs, FULL MOON LOGISTICS LLC and JADESH JAIGOBIND,

(hereinafter "Full Moon", "Jaigobind respectively, or collectively "Plaintiffs") by and through

their undersigned counsel, hereby sues Defendants, Bald Eagle Logistics, Inc. and MALIAN

NUS (hereinafter "Bald Eagle" or "Nus" respectively, or collectively "Defendants") and states as

follows:

**PARTIES AND JURISDICTION**

1.  Plaintiff, Full Moon, is a Florida Limited Liability Corporation with its principal place of

    business in Davenport, Polk County, Florida.

2.  Plaintiff, Jaigobind, is a resident of Davenport, Polk County, Florida and is sui juris in all

    respects.

3.  Defendant, Bald Eagle is a New Jersey Corporation, with its principal place of business in Manalapan, Western Monmouth County, New Jersey.

4.  Defendant, Nus is a New Jersey Resident, and is sui juris in all respects.

5.  Defendants have contracted with Plaintiff and agreed to venue in Florida. *See attached Exhibit "A".*

6.  This is an action for damages for breach of contract in excess of $75,000.00, exclusive of interest, court costs, and a reasonable attorney's fee.

7.  Jurisdiction in this Court is proper under 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

8.  On or about August 18, 2021. Plaintiffs and Defendants entered into a Dispatcher – Carrier Agreement (hereinafter, "Agreement") whereby Plaintiffs would provide dispatching commodities shipment services to Plaintiffs in exchange for a ten percent payment per transaction secured through Plaintiff/Dispatcher's compilation of relationships and contacts. *See attached Exhibit "A".*

9.  On or about October 22, 2021 Defendants abruptly ended the Agreement with Plaintiffs without proper notice.

10. On or about October 22, 2021 Plaintiffs gave notice via email to Defendants regarding the Breach of Contract to which Defendants responded with vulgarities. *See attached Exhibit "B".*

11. On or about October 27, 2021 Plaintiffs gave formal notice to Defendants regarding the breach, to which Defendants refused to answer. *See attached Exhibit "C".*

**COUNT I**
**MISAPPROPRIATION OF TRADE SECRET**
**UNDER FLORIDA'S**
**UNIFORM TRADE SECRETS ACT**

12. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1-11, above.

13. Under Chapter 668 of Florida's Uniform Trade Secrets Act, allows for an action of Misappropriation of a Trade Secret when use of a trade secret of another without express or implied consent by a person who acquired (the trade secret) under circumstances giving rise to a duty to maintain its secrecy or limit its use. Fla. Stat. § 688.002(2)(b)(2)(b).

14. According to Fla. Stat. § 688.002(4) a trade secret means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

15. Plaintiffs have created a confidential business compilation of companies and customers that was acquired through Plaintiff owner's industry involving logistics. *see Kavanaugh v. Stump*, 592 So. 2d 1231, 1232 (Fla. 5th DCA 1992); *E. Colonial Refuse Serv., Inc. v. Velocci*, 416 So. 2d 1276, 1278 (Fla. 5th DCA 1982).

16. Plaintiffs contracted dispatcher services with Defendants whereby Plaintiffs would arrange carrier services through Plaintiff's confidential compilation of companies and customers. *See attached Exhibit "A"*.

17. Defendants agreed to the contracted terms whereby Defendant acknowledged that these compilations are the sole and exclusive property of Plaintiff. *See sections 7-11 of attached Exhibit "A".*

18. Defendants further agreed to the prohibition of Defendants use of these compilations for a period of two years following the termination of the Agreement unless written consent was provided by Plaintiffs. *see section 7 of attached Exhibit "A".*

19. Contrary to the agreed upon clause, Defendants have knowingly, intentionally, and maliciously continued to procure business from Plaintiff's confidential business compilations. *See attached Exhibit "D" and "E".*

20. Plaintiffs have sent multiple notices, including a Notice of Breach of Contract Email, a formal Notice Letter which outlined the above referenced sections of the Agreement that would prohibit Defendants from using Plaintiffs Trade Secrets for a minimum period of two years following the termination of the Agreement and a Notice of Cease and Desist to put Defendants on Notice that Plaintiff continues to demand compliance with the Agreement; all of which have gone ignored and unheeded. *For Notice of Cease and Desist see attached Exhibit "F".*

21. Plaintiff continues to experience financial losses as the result of Defendants misappropriation of Plaintiff's trade secrets. Plaintiff's damages continue to mount per day and per transaction making Plaintiff's damages immediate and irreparable.

22. Fla. Stat. § 688.003 entitles Plaintiffs to injunctive relief against Defendant to enjoin Defendant's misappropriation of Plaintiffs' Trade Secret. *see Fla. Stat. § 688.003(1).*

23. Fla. Stat. § 688.004 entitles Plaintiffs to recover damages for misappropriation. These damages include the actual loss caused by misappropriation and the unjust enrichment

caused by misappropriation that is not taken into account in computing actual loss. *see Fla. Stat. § 688.004(1)*. Or in lieu of damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret. *see Fla. Stat. § 688.004(1)*.

24. Fla. Stat. § 688.004 entitles Plaintiffs to be awarded exemplary damages in an amount not exceeding twice any award made under subsection (1) when the misappropriation is willful or malicious. *see Fla. Stat. § 688.004(2)*.

25. Defendants acts of using Plaintiffs confidential business compilations after agreeing to not do so and being advised multiple times in writing to cease and desist the use of Plaintiffs' Trade Secrets constitute willful and malicious misappropriation.

26. Fla. Stat. § 688.005 entitles Plaintiffs to be awarded reasonable attorney's fees when willful and malicious misappropriation exists. Here, Defendants, through their own actions, have demonstrated a willful and malicious misappropriation; thereby entitling Plaintiff to recovery of Attorney's fees.

27. Fla. Stat. § 688.006 further entitles Plaintiff to preservation of the secrecy of Plaintiffs' trade secrets, to which Plaintiff respectfully requests the Court act to preserve Plaintiff's trade secrets by taking the appropriate actions outlined in Chapter 668 of Florida Statutes.

    WHEREFORE, Plaintiffs Full Moon Logistics, LLC and Jadesh Jaigobind, demand injunctive relief enjoining Defendants Bald Eagle Logistics, Inc. and Malian Nus from continued misappropriation of Plaintiffs' Trade secrets and judgment against Defendants Bald Eagle Logistics, Inc. and Malian Nus for actual losses caused by the misappropriation, in conjunction with the unjust enrichment caused by same misappropriation, exemplary

damages, attorneys fees, court costs, interest, and any other relief the Court deems just and proper.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRET
## UNDER THE DEFEND TRADE SECRETS ACT
## 18 USC § 1836

28. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1-11, above.

29. Under 18 U.S. Code Chapter 90, allows action to be brought against whoever, with intent to convert a trade secret, that is related to a product or service used in or intended for use in interstate commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly steals or without authorization appropriates, copies, conveys, or possesses such information. The committer of such action shall be fined under this title, imprisoned not more than 10 years, or both. *See* 18 U.S.C. § 1832(a)(1)-(5).

30. Plaintiffs are owners of their trade secret, which is made up of Plaintiff's compilations, methods, techniques, processes, procedures, confidential carrier and supplier lists that Plaintiffs have compiled through personal work in their field and which information is not readily discoverable by the public.

31. Plaintiffs as owners of the trade secret that has been misappropriated by Defendants may bring forth this action against Defendants.

32.  Defendants have acknowledged, agreed, and signed that Plaintiff would be irreparably harmed economically should Plaintiff's trade secret be used without Plaintiff's written consent. *See sections 7-11 of attached Exhibit "A".*

33. Defendant, having acknowledged this harm, has used Plaintiff's trade secrets to acquire business without Plaintiff's written consent. Defendant has without authorization appropriated such information and has conspired with one or more other persons to use this information and have economically benefitted from such use. *See Attached Exhibit "D" and "E".*

34. Defendants further agreed to the prohibition of Defendants use of these compilations for a period of two years following the termination of the Agreement unless written consent was provided by Plaintiffs. *see section 7 of attached Exhibit "A".*

35. Contrary to the agreed upon clause, Defendants have knowingly, intentionally, and maliciously continued to procure business from Plaintiff's confidential business compilations. *See attached Exhibit "D" and "E".*

36. Plaintiffs have sent multiple notices, including a Notice of Breach of Contract Email, a formal Notice Letter which outlined the above referenced sections of the Agreement that would prohibit Defendants from using Plaintiffs Trade Secrets for a minimum period of two years following the termination of the Agreement and a Notice of Cease and Desist to put Defendants on Notice that Plaintiff continues to demand compliance with the Agreement; all of which have gone ignored and unheeded. *For Notice of Cease and Desist see attached Exhibit "F".*

37. Plaintiff continues to experience financial losses as the result of Defendants misappropriation of Plaintiff's trade secrets. Plaintiff's damages continue to mount per day and per transaction making Plaintiff's damages immediate and irreparable.

38. Under 18 U.S.C. § 1832 Plaintiff is entitled to not more than the greater of $5,000,000 dollars or three times the value of the stolen trade secret to the organization, including

expenses for research and design and other costs of reproducing the trade secret that the organization has hereby avoided. *See* 18 U.S.C. § 1832(b).

WHEREFORE, Plaintiffs Full Moon Logistics, LLC and Jadesh Jaigobind, demand injunctive relief enjoining Defendants Bald Eagle Logistics, Inc. and Malian Nus from continued misappropriation of Plaintiffs' Trade secrets and judgment against Defendants Bald Eagle Logistics, Inc. and Malian Nus for actual losses caused by the misappropriation, in conjunction with the unjust enrichment caused by same misappropriation, exemplary damages, attorneys fees, court costs, interest, and any other relief the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT

39. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1-11, above.

40.  To prove breach of contract, the plaintiff must establish "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *See Asset Mgmt. Holdings, LLC v. Assets Recovery Ctr. Invs., LLC*, 238 So.3d 908, 912 (Fla. 2d DCA 2018). (quoting *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla.2d DCA 2006)).

41. Here, Plaintiffs and Defendants voluntarily and knowingly entered into the Dispatcher – Carrier Agreement and affixed their signatures to the attached document. Plaintiffs offered to Defendants dispatcher services, to which Defendants accepted, in exchange for monetary compensation.

42. Defendants materially breached this contract upon notifying Plaintiffs of Defendants unilateral cancellation of the Agreement.

43. Plaintiffs immediately notified Defendants of their material breach and pointed to Defendants breach of section 2, whereby Defendants were required to give 30 days written notice prior to terminating the Agreement.

44. Defendants failed to give appropriate notice to Plaintiffs prior to terminating the Agreement both in form by delivering the notice orally and in timing by issuing termination immediately.

45. Plaintiffs immediately notified Defendants of its material breach under section 7 of the Agreement whereby Defendants agreed to be prohibited from, directly or indirectly, soliciting and/or doing business involving transportation or of a warehousing nature with *any* of the companies and customers who have been serviced by carrier as a result of the Agreement for a period of two years following the termination of Agreement.

46. Defendants have continued to solicit and do business with the companies and customers who have been serviced by carrier as a result of the Agreement. *See Attached Exhibit "D" and "E"*.

47. Plaintiffs immediately notified Defendants of its material breach under section 8 of the Agreement whereby Defendants agreed and acknowledged that the customer information provided by Full Moon is the sole and exclusive property of Full Moon and as such, neither it, nor any employee, agent, or subcontractor shall back-solicit, directly or indirectly, communicate or perform any service for compensation for any account of Full Moon that had been previously tendered to Defendants.

48. Defendants have continued to back-solicit, directly or indirectly, communicate or perform any service for compensation for any account of Full Moon that had been previously tendered to Defendants. *See Attached Exhibit "D" and "E"*.

49. Plaintiffs immediately notified Defendants of its material breach under section 9 of the Agreement whereby Defendants agreed and acknowledged that solicitation of companies and customers includes prohibiting any conduct where the purpose of such conduct involves transportation and/or handling of property for a customer under arrangements first made or procured by Full Moon.

50. Defendants have continued to solicit companies and customers following termination of the Agreement and without consent from Plaintiffs. *See Attached Exhibit "D", and "E".*

51. Plaintiffs immediately notified Defendants of its material breach under section 10 of the Agreement whereby Defendants agreed and acknowledged that violating the terms of the Agreement without written authorization from Plaintiffs would be entitled to recover 25% percent of each invoice within 10 days of each violation. *See Attached Exhibit "D" and "E".*

52. Defendants have refused to tender the agreed to penalty for each of the invoices Defendant procured from the Agreement following termination of Plaintiffs.

53. Plaintiffs immediately notified Defendants of its material breach under Section 11 of the Agreement whereby Defendants agreed, acknowledged, and negotiated a liquidated damages clause which entitles Full Moon to obtain injunctive relief against the breaches created by Defendants, in addition to a total of 25% of the aggregate of *all* rates and charges assessed by Defendants for any and all transportation services provided to accounts of Full Moon in the amount of (Insert Amount). Defendants further agreed to pay Plaintiffs an additional fixed liquidated damage in the amount of $10,000.00 USD.

54. Plaintiffs have suffered damages as a result of Defendants multiple breaches of the Agreement. Plaintiffs have suffered economic losses in the amount of (Insert total amount).

55. As a result of this breach Plaintiffs were forced to retain counsel and are indebted to them a reasonable cost.

56. Plaintiffs are entitled to recover these fees under Fla. Stat. § 57.105.

WHEREFORE, Plaintiffs Full Moon Logistics, LLC and Jadesh Jaigobind, demand judgment against Defendants Bald Eagle Logistics, Inc. and Malian Nus for the amount due Plaintiffs, attorneys fees, costs, interest, and any other relief the Court deems just and proper.

## COUNT IV
## QUANTUM MERIUT – UNJUST ENRICHMENT

57. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1-11, above.

58. This is an action for restitution of unjust enrichment. To prove a cause of action for unjust enrichment one must prove that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *Commerce P'ship*, 695 So. 2d at 386.

59. Here, Plaintiffs conferred a benefit on Defendants by providing dispatch services through Plaintiffs' confidential business compilations.

60. Defendants had knowledge of the benefit as Defendants as Defendants procured Plaintiffs services.

61. Defendants accepted the benefit conferred through Defendants use and acceptance of Plaintiffs' confidential business compilations.

62. Defendants have continued to use Plaintiffs' confidential business compilations without Plaintiffs' express authorization and Defendant has retained the benefit of Plaintiffs' confidential business compilations without paying fair value for it.


WHEREFORE, Plaintiffs Full Moon Logistics, LLC and Jadesh Jaigobind, demand judgment against Defendants Bald Eagle Logistics, Inc. and Malian Nus for the amount due Plaintiffs, attorneys fees, costs, interest, and any other relief the Court deems just and proper.


[SPACE INTENTIONALLY LEFT BLANK]

## VERIFICATION OF COMPLAINT

I, Jadesh Jaigobind, hereby certify that I have read the foregoing Complaint and the allegations

stated therein are true and complete to the best of my knowledge and belief.

_____
Jadesh Jaigobind, Plaintiff

State of Florida

County of Polk

Sworn to or affirmed and subscribed before me this 13th day of November, by

Jadesh Jaigobind (Name of Person Making Statement).

_____
Signature of Notary Public

ANTHONY GONZALEZ
Notary Public-State of Florida
Commission # HH 122718
My Commission Expires
April 27, 2025

Anthony Gonzalez
Printed Name of Notary Public                         (SEAL)

Personally _____X_____ or Produced Information _____
Type of Identification Produced _____

DATED this 14th day of November, 2021.

Respectfully Submitted,

/s/ *Neyza L. Guzman, Esquire*
Neyza L. Guzman, Esquire
FL Bar No. 1024403
The Law Offices of Neyza L. Guzman
627 N. Grandview Ave Ste. 211
Daytona Beach, FL 32118
Tel: 321-236-1423
Primary: Neyza@LawOfficesofNg.com
Secondary: Admin@LawOfficesofNG.com
*Attorney for Plaintiffs*