UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| ———————————————— | : | |
| FULL MOON LOGISTICTICS, | : | |
| A Florida Limited Liability Company, | : | |
| and | : | |
| JADESH JAIGOBIND, | : | Case No.: 8:21-cv-02695-WFJ-AAS |
| an individual, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BALD EAGLE LOGISTICS, INC., | : | |
| a New Jersey Corporation, | : | |
| and | : | |
| MALIAN NUS, | : | |
| an individual, | : | |
| | : | |
| ———————————————— | : | |

**<u>DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY THE
ACTION OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' COMPLAINT</u>**

THOMPSON LLP
Andrew R. Goldenberg, Esq.
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 924-3040

BOND, SCHOENECK & KING, PLLC
Thomas K. Rinaldi, Esq.
4001 Tamiami Tr N., Ste 105
Naples, Florida 34103
Telephone: (239) 659-3866
Facsimile: (239) 659-3812

*Attorneys for Defendants*

13532464.1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL ALLEGATIONS ................................................................................... 2

ARGUMENT ........................................................................................................ 3

  A.  Full Moon Is Required to Arbitrate Its Claims ................................................ 3

    1.  The Agreement to Arbitrate Is Valid; Full Moon Affirmatively Agreed to Arbitrate Its Claims.................................................................................................. 4

    2.  Full Moon's Claims Are Within the Scope of the Arbitration Provision ....................... 5

    3.  The Right to Arbitrate Has Not Been Waived .................................................. 6

    4.  This Action Should Be Stayed Pending Arbitration ........................................... 6

  B.  The Court Lacks Personal Jurisdiction Over Defendants ...................................... 7

    1.  Defendants Are Not Within the Reach of Florida's Long-Arm Statute.......................... 8

      a.  Plaintiffs Have Not Pled Facts Sufficient to Confer General Jurisdiction Over Defendants ........................................................................................ 8

      b.  Plaintiffs Have Not Pled Facts Sufficient to Confer Specific Jurisdiction Over Defendants ........................................................................................ 9

    2.  Defendants Do Not Have Minimum Contacts with Florida to Satisfy the Due Process Requirements of the Fourteenth Amendment ................................................... 9

  C.  The Court Should Dismiss the Complaint for Improper Venue ........................................ 10

  D.  The Complaint Should Be Dismissed for Failure to Adequately Plead the Amount in Controversy ............................................................................................ 11

  E.  The Complaint Should Be Dismissed for Failure to State a Claim .................................... 13

    1.  Plaintiffs Fail to Allege Any Trade Secrets Were Misappropriated Under the Defend Trade Secrets Act (Count II) ................................................................... 14

    2.  Plaintiffs Fail to Allege Any Trade Secrets Were Misappropriated Under the Florida Uniform Trade Secrets Act (Count I)............................................................ 16

    3.  The Breach of Contract Claim Fails to State a Claim for Relief (Count III) ................. 17

a.  Jaigobind Lacks Standing to Pursue Claims Against Defendants Because He Is Not a Party to the Agreement ................................................................................. 17

b.  Plaintiffs Cannot Pursue Claims Against Nus Because He Is Not a Party to the Agreement ................................................................................................... 18

c.  Defendants' Alleged Failure to Provide 30-Days' Notice Was Not Material .......... 19

d.  Plaintiffs Fail to Allege any Facts Entitling Them to Relief ..................................... 19

4.  Plaintiffs Fail to State an Unjust Enrichment Claim (Count IV) ................................... 20

CONCLUSION ................................................................................................................... 21

13532464.1

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aegis Def. Servs., LLC v. Gilbert*,
    222 So. 3d 656 (Fla. 5th DCA 2017) ....................................................................... 8

*Am. Exp. Co. v. Italian Colors Rest.*,
    133 S. Ct. 2304 (2013) ............................................................................................. 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................... 13

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ................................................................................................. 4

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) ................................................................................................. 5

*Beck v. Lazard Freres & Co.*,
    175 F.3d 913 (11th Cir. 1999) ............................................................................... 19

*Beefy Trail, Inc. v. Beefy King Int'l, Inc.*,
    267 So.2d 853 (Fla. 4th DCA 1976) ..................................................................... 19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 13

*Calmes v. Boca West Country Club, Inc.*,
    2017 WL 4621112 (S.D. Fla. Oct. 16, 2017) ....................................................... 12

*Carmouche v. Carnival Corp.*,
    36 F. Supp. 3d 1335 (S.D. Fla. 2014) ..................................................................... 7

*Carter v. Brown Mackie Coll. Miami & Educ. Mgmt. Corp.*,
    2016 WL 6496632 (S.D. Fla. Feb. 4, 2016) ......................................................... 20

*Covelli Family, L.P. v. ABG5, L.L.C.*,
    977 So.2d 749 (Fla. 4th DCA 2008) ..................................................................... 19

*Dev. Corp. v. Mercantile Bank*,
    989 So. 2d 696 (Fla. 1st DCA 2008) ............................................................... 20, 21

*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*,
    329 F.3d 805 (11th Cir. 2003) ............................................................................... 12

*Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*,
    241 So. 3d 938 (Fla. 3d DCA 2018) ....................................................................... 8

*Garcia v Harmony Healthcare, LLC* ,
    2021 US Dist LEXIS 78975 (M.D. Fla. Apr. 26, 2021) (Jung, J.) ........................... 5

*Garcia v. Wachovia Corp.*,
  699 F.3d 1273 (11th Cir. 2012) ........................................................... 6

*Grant v Jp Morgan Chase & Co.*,
  2019 US Dist LEXIS 179098 (M.D. Fla. Oct. 16, 2019) (Jung, J.) ........................................ 6

*Greenfield v. Stein*,
  16 So. 3d 967 (Fla. 3rd DCA 2009) ........................................................... 18

*James Talcott, Inc. v. McDowell*,
  148 So. 2d 36 (Fla. 3rd DCA 1962) ........................................................... 18

*Kraft Gen. Foods, Inc. v. Rosenblum*,
  635 So.2d 106 (Fla. 1994) ........................................................... 13

*Linvatek Ortopedi Ltd., STI v ConMed Corp.*,
  2018 US Dist LEXIS 178115 (M.D. Fla. Oct. 17, 2018) (Jung, J.) ..................................... 3-4

*Local Access, LLC v. Peerless Network, Inc.*,
  2017 WL 7311872 (M.D. Fla. Dec. 22, 2017) ........................................................... 20

*M.C. Dean, Inc. v. City of Miami Beach, Fla.*,
  199 F. Supp. 3d 1349 (S.D. Fla. 2016) ........................................................... 17

*Matter of T & B Gen. Contracting, Inc.*,
  833 F.2d 1455 (11th Cir. 1987) ........................................................... 4

*McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*,
  501 F.3d 1244 (11th Cir. 2007) ........................................................... 18

*Mikesell v. FIA Card Servs., N.A.*,
  936 F. Supp. 2d 1237 (M.D. Fla. 2013) ........................................................... 13

*Milestone v Citrus Specialty Group, Inc.*,
  2019 US Dist LEXIS 195764 (M.D. Fla. Nov. 12, 2019) (Jung, J.) ................................ 3-4, 6

*Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1–25 (1983) ........................................................... 3

*MSP Recovery, LLC v. Progressive Select Ins. Co.*,
  2015 WL 10384499 (S.D. Fla. Apr. 6, 2015) ........................................................... 13

*Nat'l Parks Conservation Ass'n v. Norton*,
  324 F.3d 1229 (11th Cir. 2003) ........................................................... 17

*Oginsky v. Paragon Props. of Costa Rica LLC*,
  784 F. Supp. 2d 1353 (S.D. Fla. 2011) ........................................................... 18

*Pierre-Louis v. CC Solutions., LLC*,
  2017 U.S. Dist. LEXIS 177291, 2017 WL 4841428 (S.D. Fla. Oct. 26, 2017) ..................... 6

iv

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010) ............................................................ 4

*Ringsmuth v. Repp Sports LLC*,
  2019 WL 5423355 (M.D. Fla. Oct. 23, 2019) .......................... 12-13

*Robey v. JPMorgan Chase Bank, N.A.*,
  343 F. Supp. 3d 1304 (S.D. Fla. 2018) ............................... 10, 11

*Sahadew v. Celebration Cruise Operator, Inc.*,
  2012 WL 13014698 (S.D. Fla. Feb. 10, 2012) .......................... 5

*Sims v. Clarendon Nat'l Ins. Co.*,
  336 F. Supp. 2d 1311 (S.D. Fla. 2004) ............................... 4

*Skiera v. Tiviluk*,
  2020 WL 619098 (M.D. Fla. Feb. 10, 2020) ............................ 12, 13

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*,
  524 F.3d 1229 (11th Cir. 2008) ....................................... 18

*Walden v. Fiore*,
  571 U.S. 277 (2014) .................................................. 10

*Taylor v. Gutierrez*,
  129 So. 3d 415 (Fla. 3d DCA 2013) .................................... 8

*Terminix Int'l Co. LP v. Palmer Ranch Ltd. P'Ship*,
  432 F.3d 1327 (11th Cir. 2005) ....................................... 7

*Trustees of Columbia Univ. In City of New York v. Ocean World, S.A.*,
  12 So. 3d 788 (Fla. 4th DCA 2009) .................................... 8

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) ....................................... 7

*Valiente v. Holiday CVS, LLC*,
  2020 WL 2404701 (S.D. Fla. May 12, 2020) ............................. 7

*Vanwechel v. Regions Bank*,
  2017 WL 1683665 (M.D. Fla. May 3, 2017) ............................. 5

*Viridis Corp. v. TCA Glob. Credit Master Fund, LP*,
  155 F. Supp. 3d 1344 (S.D. Fla. 2015) ............................... 13

*Warth v. Seldin*,
  422 U.S. 490 (1975) .................................................. 18

v

**Rules and Statutes**

9 U.S.C. § 3 ................................................................................................................ 1, 6

9 U.S.C. § 1 ................................................................................................................... 4

18 U.S.C. § 1836 ......................................................................................................... 14

18 U.S.C. § 1839 ................................................................................................... 14, 15

28 U.S.C. § 1332 ......................................................................................................... 11

28 U.S.C. § 1391 ................................................................................................... 10, 11

Fed. R. Civ. P. 8 .................................................................................................... 19, 20

Fed. R. Civ. P. 12 .................................................................................................... 1, 18

Fla. Stat. § 48 ............................................................................................................... 9

Fla. Stat. § 688 ....................................................................................................... 2, 17

Fla. Stat. § 768 ........................................................................................................... 13

Local Rule § 3.01 ....................................................................................................... 22

13532464.1

Defendants Bald Eagle Logistics, Inc. ("Bald Eagle") and Milan Nus ("Nus," and together with Bald Eagle, "Defendants"), pursuant to 9 U.S.C. § 3 move to stay this action pending arbitration and, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), move to dismiss Plaintiff Full Moon Logistics, LLC ("Full Moon") and Jadesh Jaigobind's ("Jaigobind," and together with Full Moon, "Plaintiffs") Complaint.  In support of this Motion, Defendants state as follows:

## PRELIMINARY STATEMENT

The Complaint wholly ignores that Plaintiffs expressly agreed to arbitrate their claims here pursuant to § 10 of the Dispatcher-Carrier Agreement (the "Agreement") that is attached to the Complaint and forms the entire basis of Plaintiffs' claims.  Compl., Ex. A.  The Court should accordingly compel arbitration and stay this action.  Alternatively, the Court should dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and improper venue, or, in the alternative, for failure to state a claim.

This Court lacks subject matter jurisdiction because the Complaint does not plead any facts to show that the amount in controversy exceeds $75,000 to establish diversity.  Additionally, the only federal claim alleged in the Complaint arises under the Defend Trade Secrets Act ("DTSA").  For the reasons stated below, the DTSA claim does not sufficiently allege misappropriation of Plaintiffs' "trade secrets."  Because all of the remaining claims arise under state law and are predicated on this Court's supplemental jurisdiction, these claims must likewise be dismissed on jurisdictional grounds.

Nor does the Complaint establish personal jurisdiction over Defendants.  The Complaint lacks allegations that Defendants have any contact with Florida or any allegations that would support a finding that Defendants have purposefully availed themselves of the privilege of

1

conducting business in Florida so much so that they should anticipate being haled into court here. Plaintiffs also improperly lump Defendants together throughout the Complaint, sometimes referring to an unidentified singular "Defendant" and other times plural "Defendants,"[1] leaving Defendants and the Court left to guess what conduct each is alleged to have done in this state. Stated simply, Plaintiffs do not present any facts sufficient to exert personal jurisdiction over either Defendant.  On this same note, the Complaint fails to tie any of Defendants' purported actions to Florida, making the Middle District of Florida an improper venue for this matter.  The Complaint should also be dismissed on this independent ground.

Even if the Court does not compel arbitration or dismiss the Complaint on jurisdiction or venue grounds, the Court should nonetheless dismiss the Complaint because it fails to state any claim for relief for the reasons stated below.

## FACTUAL ALLEGATIONS

On or about August 18, 2021, Full Moon and Bald Eagle entered into the Agreement that was entirely drafted by Full Moon in which Full Moon agreed to provide dispatching services to Bald Eagle.  Compl., ¶ 8, Ex. A.  The Agreement permitted either party to terminate upon giving 30 days' written notice to the other side.  *Id.*, Ex. A at § 2.  The Agreement also contained a mandatory arbitration provision (the "Arbitration Provision") which required any "dispute or disagreement" to be resolved through "binding arbitration in the 'State of Florida.'"  *Id.* at § 10.

Approximately two months later, on October 22, 2021, Bald Eagle allegedly terminated the Agreement without providing sufficient written notice to Full Moon.  Compl., ¶¶ 9-10.  A few days later, Full Moon sent a letter to Defendants claiming they materially breached the Agreement

---

[1] *See, e.g.*, Compl., ¶ 17 (emphasis added) ("**Defendants** agreed to the contracted terms whereby **Defendant** acknowledged that these compilations are the sole and exclusive property of Plaintiff); Compl., ¶ 22 (emphasis added) ("Fla. Stat. § 688.003 entitled Plaintiffs to injunctive relief against **Defendant** to enjoin **Defendant's** misappropriation of Plaintiffs' Trade Secret.").

by failing to give sufficient written notice of termination.  Compl., Ex. C.  Notably, Nus is not a party to the Agreement.  Compl., Ex. A.

As a result of the so-called "material breach," Plaintiffs claimed an entitlement to money damages under § 11 of the Agreement totaling "25% of the aggregate of all rates and charges assessed by Bald Eagle and Nus for any and all transportation services provided to accounts of Full Moon," plus liquidated damages.  *Id*.  Section 11 of the Agreement, however, provides damages up to 25% of rates and charges assessed by Bald Eagle that are handled "in contravention" of the Agreement, not all rates and charges assessed during the course of the Agreement.  *Id*. at § 11.  Although Plaintiffs failed to identify any acts undertaken by Defendants "in contravention" of the Agreement, Plaintiffs proceeded to issue Defendants a cease-and-desist letter claiming that Defendants violated the Agreement by soliciting unidentified "vendors procured, compiled, and provided" to Defendants by Plaintiffs.  *Id.*, Ex. F.

Without further warning, Plaintiffs filed the instant action with full knowledge of the Arbitration Provision they drafted which requires all disputes and disagreements arising from the Agreement to be tendered to binding arbitration in the State of Florida.

## **ARGUMENT**

### A.  **Full Moon Is Required to Arbitrate Its Claims**

The liberal federal policy favoring arbitration agreements creates a strong presumption in favor of enforcement and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also Milestone v Citrus Specialty Group, Inc.*, 2019 US Dist LEXIS 195764, at *3 (M.D. Fla. Nov. 12, 2019) (Jung, J.) (granting motion to compel arbitration and stating "[a] strong policy exists in favor of resolving disputes by arbitration"); *Linvatek Ortopedi Ltd., STI v ConMed*

3

*Corp.*, 2018 US Dist LEXIS 178115, at *2 (M.D. Fla. Oct. 17, 2018) (Jung, J.) (granting motion to compel arbitration).  Consistent with the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., ("FAA"), "courts must 'rigorously enforce' arbitration agreements according to their terms" so as to facilitate streamlined proceedings.  *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).

In deciding whether to compel arbitration, the court must consider: "1) whether a valid written agreement to arbitrate exists; 2) whether an arbitrable issue exists; and 3) whether the right to arbitrate has been waived."  *Milestone*, 2019 US Dist LEXIS 195764, at *3 (citing *Williams v. Eddie Acardi Motor Co.*, 2008 US Dist LEXIS 18097, at *1 (M.D. Fla. Mar. 10, 2008)).  "The party opposing a motion to compel arbitration or to stay litigation pending arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration."  *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (quotation marks omitted).

### 1. The Agreement to Arbitrate Is Valid; Full Moon Affirmatively Agreed to Arbitrate Its Claims

A valid agreement to arbitrate has been formed when there is mutual assent to certain and definite contractual terms.  *See, e.g., Matter of T & B Gen. Contracting, Inc.*, 833 F.2d 1455, 1459 (11th Cir. 1987) ("A binding and enforceable contract requires mutual assent to certain and definite contractual terms. Without a meeting of the minds on all essential terms, no enforceable contract arises.").  Section 10 of the Agreement states:

> If carrier should perform services of a transportation or warehousing nature for compensation for any dispatcher customer without prior documented authorization from dispatcher during the applicable time period in violation of this agreement, carrier shall pay to dispatcher within ten (10) days of each such violation an amount equal to (25%) of all revenues invoiced by carrier to the

4

solicited customer.  **Where a dispute or disagreement arises, both parties agree to tender the issue to binding arbitration** in the 'State of Florida'.

Compl., Ex A at § 10 (emphasis added).  The Arbitration Provision applies to any "dispute or disagreement," including the claims alleged in the Complaint.  There is no dispute as to the existence of a contract, that the parties executed the Agreement, and that Full Moon is contractually bound by the Arbitration Provision because it drafted the Provision and accepted its terms upon signing the Agreement.  *See Garcia v Harmony Healthcare, LLC*, 2021 US Dist LEXIS 78975, at *7 (M.D. Fla. Apr. 26, 2021) (Jung, J.) (compelling arbitration and stating "[u]nder Florida law, a contract requires an offer, acceptance, and consideration"); *Vanwechel v. Regions Bank*, 2017 WL 1683665, at *1 (M.D. Fla. May 3, 2017) (same).

### 2.  *Full Moon's Claims Are Within the Scope of the Arbitration Provision*

The Arbitration Provision broadly encompasses any "dispute or disagreement," and cannot be denied application "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 653 (1986) (quotation marks omitted).  Section 10 of the Agreement states, in relevant part "**Where a dispute or disagreement arises, both parties agree to tender the issue to binding arbitration** in the 'State of Florida'."  Compl., Ex A at § 10 (emphasis added).  Courts construe this type of Arbitration Provision broadly in favor of compelling arbitration.  *See, e.g., Sahadew v. Celebration Cruise Operator, Inc.*, 2012 WL 13014698, at *2 (S.D. Fla. Feb. 10, 2012) (compelling arbitration where parties agreed to arbitrate any disputes arising out of an agreement).

Full Moon's claims here fall squarely within the scope of the Arbitration Provision.  Indeed, the Arbitration Provision makes clear that it applies to any "dispute or disagreement," including "services of a transportation or warehousing nature for compensation for any dispatcher

customer without prior documented authorization from dispatcher . . . ."  Compl., Ex A at § 10. Plaintiffs' claims arise from Defendants' alleged misappropriation of Plaintiffs' customers without Plaintiffs' authorization.  Plaintiffs' claim therefore are within the scope of the Arbitration Provision.

### 3.  *The Right to Arbitrate Has Not Been Waived*

"Under federal law, waiver is determined by a two-part test: whether a party has acted inconsistently with proceeding to arbitration, and if so, whether the party who acted inconsistently prejudiced the other party.  *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (citations omitted); *Williams*, 2008 U.S. Dist. LEXIS 117503, 2008 WL 686222, at *9 (citations omitted). To the extent there may be a distinction between federal and state law regarding waiver, it lies in the degree of the participation in the lawsuit.  *See Pierre-Louis v. CC Solutions., LLC*, 2017 U.S. Dist. LEXIS 177291, 2017 WL 4841428, at *2 (S.D. Fla. Oct. 26, 2017) (discussing distinction as 'active participation' under Florida law and 'substantial participation' under federal law)."  *Milestone*, 2019 US Dist LEXIS 195764 at *8.

Here, Defendants have not waived their right to arbitrate because they have not taken any action in this lawsuit.  Defendants have not acted in response to the Complaint other than to move for a stay and/or dismissal.  *Id*. (finding no waiver where Defendants did not respond to original or amended complaint); *Grant v Jp Morgan Chase & Co.*, 2019 US Dist LEXIS 179098, at *7 (M.D. Fla. Oct. 16, 2019) (Jung, J.) (granting motion to compel arbitration where response to complaint with a motion to dismiss did not constitute waiver of defendant's right to arbitrate).

### 4.  *This Action Should Be Stayed Pending Arbitration*

A court should grant a motion to stay judicial proceedings after compelling arbitration.  *See* 9 U.S.C. § 3 (requiring court to issue a stay upon compelling arbitration).  This Court should

therefore stay all further proceedings until the parties complete arbitration.  *See, e.g., Terminix Int'l Co. LP v. Palmer Ranch Ltd. P'Ship*, 432 F.3d 1327, 1333 (11th Cir. 2005) (remanding with instructions for the district court to grant the motion to compel arbitration and stay the proceedings); *Valiente v. Holiday CVS, LLC*, 2020 WL 2404701, at *3 (S.D. Fla. May 12, 2020) (staying case pending compelled arbitration).

### B.  The Court Lacks Personal Jurisdiction Over Defendants

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The reach of the long-arm statute is a question of Florida law, and federal courts are required to construe such law as would the Florida Supreme Court.  *Id.*  Moreover, a plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.  *See Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1338 (S.D. Fla. 2014).  "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings."  *Id.*  A defendant challenging personal jurisdiction must then present evidence to counter the plaintiff's allegations. *See id.*

Here, Plaintiffs fail to meet their initial burden to plead **any** jurisdictional facts over Defendants.  Plaintiffs have not alleged sufficient facts to bring Defendants within the ambit of Florida's long-arm statute or to demonstrate that Defendants have sufficient minimum contacts with Florida to satisfy due process.  The Court should therefore dismiss the Complaint for lack of personal jurisdiction.

1.  *Defendants Are Not Within the Reach of Florida's Long-Arm Statute*

Section 48.193, Florida Statutes, provides for general and specific jurisdiction.  Section 48.193(2) provides for general jurisdiction for any "defendant who is engaged in substantial and not isolated activity within this state," while § 48.193(1) enumerates various actions that can subject a defendant to specific jurisdiction in Florida.  Here, Plaintiffs have not alleged any facts to confer either general or specific jurisdiction over Defendants.

a.  **Plaintiffs Have Not Pled Facts Sufficient to Confer General Jurisdiction Over Defendants**

A defendant's contacts with Florida need to be so continuous and systemic as to render it "at home" in Florida to be subject to general jurisdiction.  *See Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*, 241 So. 3d 938, 944 (Fla. 3d DCA 2018); *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  Indeed, Florida courts have "found 'continuous systematic business contacts' to confer general jurisdiction where a nonresident defendant's activities are extensive and pervasive, in that a significant portion of the defendant's business operations or revenue derived from established commercial relationships in the state."  *Trustees of Columbia Univ. In City of New York v. Ocean World, S.A.*, 12 So. 3d 788, 793 (Fla. 4th DCA 2009); *see also Taylor v. Gutierrez*, 129 So. 3d 415, 419 (Fla. 3d DCA 2013) (same).  Florida courts therefore routinely find that defendants whose contacts with Florida are limited are not subject to general jurisdiction.  *See Aegis Def. Servs., LLC v. Gilbert*, 222 So. 3d 656, 660 (Fla. 5th DCA 2017) (holding no general jurisdiction where party "did not have any offices, employees, or accounts in Florida, did not market or solicit business in Florida, did not derive revenue in Florida, and did not own any property in Florida.").

Plaintiffs here allege that Bald Eagle is a New Jersey corporation headquartered in New Jersey and Nus is a New Jersey resident.  Compl., ¶¶ 3-4.  The Complaint does not allege

Defendants have any contacts with Florida, let alone "continuous systematic business contacts" sufficient to confer general personal jurisdiction. The only alleged basis for personal jurisdiction over Defendants in the Complaint is § 10 of the Agreement, which only applies to "binding arbitration in the 'State of Florida.'" Compl., Ex A at § 10. This barebone allegation that does not even apply to District Court actions and is insufficient to require Defendants to be haled into court in Florida. Indeed, Plaintiffs do not allege any **direct** contact between Defendants and Florida.

    **b.  Plaintiffs Have Not Pled Facts Sufficient to Confer Specific Jurisdiction Over Defendants**

Section 48.193(1)(a), Florida Statutes, delineates various actions that can confer specific jurisdiction over a defendant, but Plaintiffs here do not purport to assert specific jurisdiction over Defendants based on any of these actions. Plaintiffs do not allege that Defendants: (1) operate, conduct, or carry on a business or have an office or agency in this state; (2) committed a tortious act within this state; (3) own, use, possess, or hold a mortgage or other lien on any real property within this state; (4) have entered into any insurance contracts in Florida; (5) have caused injury to any person or property in Florida arising out of any act or omission by Defendants outside of Florida; (6) breached a contract in Florida; or (7) entered into an agreement submitting themselves to personal jurisdiction in Florida. *See* Fla. Stat. § 48.193(1)(a). Plaintiffs have alleged no facts tying Defendants' purported actions here to Florida and cannot plausibly claim that the Court has specific jurisdiction over Defendants. The Court therefore cannot confer specific jurisdiction over Defendants.

    *2.  Defendants Do Not Have Minimum Contacts with Florida to Satisfy the Due Process Requirements of the Fourteenth Amendment*

The due process inquiry consists of asking "whether (1) the nonresident defendant has purposefully established minimum contacts with the forum and (2) the exercise of jurisdiction will

<div align="center">9</div>

not offend traditional notions of fair play and substantial justice." *Flick Mortg. Invs., Inc. v. Metropolis Promotion Invs. & Properties (1993) Ltd.*, 212 F. App'x 775, 777 (11th Cir. 2006) (quotation marks and alterations omitted).  Indeed, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore,* 571 U.S. 277, 286 (2014).  Here, as demonstrated above, Plaintiffs have failed to allege **any** direct contacts between Defendants and Florida.  Plaintiffs merely allege that "Defendants have contracted with Plaintiff and agreed to venue in Florida." Compl., ¶ 5.  The "contract" Plaintiffs reference, however, is the Agreement that mandates arbitration, not litigation, in Florida.  *Id*.  The arbitration provision does not constitute a forum selection clause for purposes of litigation.  The Fourteenth Amendment due process requirements thus cannot be met here.

## C.  The Court Should Dismiss the Complaint for Improper Venue

Pursuant to 28 U.S.C. § 1391(b), venue is proper when the case is brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  "[P]laintiff bears the burden of showing that the venue selected is proper."  *Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1313 (S.D. Fla. 2018).  If the Court finds that venue is improper in this District, it may use its discretion to transfer the case to another district in lieu of dismissing the Amended Complaint altogether.  *Id.* at 1320.

Here, Plaintiffs do not even bother citing to a federal statute for venue purposes and simply claim that venue is appropriate because Defendants "agreed to venue in Florida" based on the Arbitration Provision.  Compl., ¶ 5.  But, Plaintiffs fail to set forth any allegations demonstrating that "a substantial part of the events or omissions giving rise to the claim occurred" in Florida. And the crux of Plaintiffs' complaint, that Defendants procured "business" from "Plaintiff's confidential business compilations" relates to transportation services between states other than Florida.  *See* Compl., ¶ 19, Exs. D, E (goods shipped between Georgia, Massachusetts, and Kentucky). The Complaint is devoid of any allegations that the misappropriation of Plaintiffs' business occurred in Florida or that Defendants did anything in Florida to give rise to the claims.

The law makes clear "[i]n analyzing whether [] events or omissions are a substantial part of the claims, **the Court must focus on relevant activities of the defendant**, not of the plaintiff." *Robey*, 343 F. Supp. 3d at 1314 (emphasis added and quotation marks omitted).  Indeed, "[o]nly the defendant's activities that directly give rise to a claim are relevant." *Id.* (quotation marks omitted).  So even if Plaintiffs are located in Florida, the Complaint still fails to allege that Defendants took any action in Florida.  Venue is thus improper in this District.

In the event the Court does not compel arbitration, Defendants respectfully ask that the Court use its discretion to transfer this case to the District of New Jersey, where venue would be proper pursuant to 28 U.S.C. § 1391(b)(1) because both Defendants reside there.  Compl. ¶¶ 3-4.

### D.  The Complaint Should Be Dismissed for Failure to Adequately Plead the Amount in Controversy

The Complaint does not plead any facts to show that the amount in controversy exceeds $75,000 exclusive of interest and costs to establish diversity jurisdiction under 28 U.S.C. § 1332. The only allegations about the dollar value of the case are a bald assertion in ¶ 4 of the Complaint

11

that the amount in controversy exceeds $75,000, and the allegations in ¶ 53 of the Complaint that

Plaintiffs are owed an unspecified amount of money:

> Plaintiffs immediately notified Defendants of its material breach under Section 11
> of the Agreement whereby Defendants agreed, acknowledged, and negotiated a
> liquidated damages clause which entitles Full Moon to obtain injunctive relief
> against the breaches created by Defendants, in addition to a total of 25% of the
> aggregate of *all* rates and charges assessed by Defendants for any and all
> transportation services provided to accounts of Full Moon in the amount of **(Insert
> Amount)** (*sic*). Defendants further agreed to pay Plaintiffs an additional fixed
> liquidated damage in the amount of $10,000.00 USD.

Compl., ¶ 53 (emphasis added).  Other than Plaintiffs' "Insert Amount," there is nothing else from

which the value of the case can be discerned to reach the minimum $75,000 threshold.

"A plaintiff satisfies the amount in controversy by claiming a sufficient sum in good faith."

*Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).  The

factual allegations must be sufficient "for the Court to plausibly infer" that the amount in

controversy is satisfied.  *Calmes v. Boca West Country Club, Inc.*, 2017 WL 4621112, at *2 (S.D.

Fla. Oct. 16, 2017).  "A conclusory allegation that the jurisdictional amount is satisfied, without

setting forth the underlying facts supporting such an assertion, is insufficient to meet the plaintiff's

burden."  *Skiera v. Tiviluk*, 2020 WL 619098, at *1 (M.D. Fla. Feb. 10, 2020) (citing *Bradley v.

Kelly Servs.*, 224 Fed. Appx. 893, 895) (11th Cir. 2007).  Alleging a long list of generic damages

without supporting factual allegations as to their dollar value is likewise insufficient.  *Skiera*, 2020

WL 619098 at *1.  Neither the Court nor the defendant bear responsibility to guess at the amount

in controversy.  *Id.*

Here, Plaintiffs have made only the type of conclusory allegation about the amount in

controversy that has resulted in the dismissal of other complaints.  *See, e.g., Calmes*, 2017 WL

4621112, at *2 (dismissing complaint in part because plaintiff failed to adequately explain how

his math demonstrated that the amount in controversy was satisfied); *Ringsmuth v. Repp Sports*

*LLC*, 2019 WL 5423355, at *2 (M.D. Fla. Oct. 23, 2019); *Skiera*, 2020 WL 619098 at **1-2 (dismissing complaint where plaintiff alleged "a litany of generic damages, [but] does not come close to connecting those damages with any kind of dollar value."). The only dollar figure Plaintiffs identify with any specificity is the $10,000 in liquidated damages (Defendants contest this amount), which is plainly beneath the required threshold.[2] Without any facts to show that the amount in controversy is satisfied, this lawsuit should be dismissed.

### E. The Complaint Should Be Dismissed for Failure to State a Claim

To survive a motion to dismiss, a complaint must contain facts that sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *MSP Recovery, LLC v. Progressive Select Ins. Co.*, 2015 WL 10384499, at *2 (S.D. Fla. Apr. 6, 2015). "When the allegations of the complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quotation marks omitted). Under this standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 155 F. Supp. 3d 1344, 1353 (S.D. Fla. 2015). That is, a complaint's "[f]actual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

---

[2] To the extent Plaintiffs hope to use their claim of punitive damages in their prayer for relief to reach the amount in controversy, that gambit must fail because Plaintiffs have not properly pled punitive damages. Florida law is clear that punitive damage claims may only be asserted with prior leave of court. *See* Fla. Stat. § 768.72; *Kraft Gen. Foods, Inc. v. Rosenblum*, 635 So.2d 106, 108-109 (Fla. 1994) (punitive damages may not be pled absent leave of court and an evidentiary showing); *see also Mikesell v. FIA Card Servs., N.A.*, 936 F. Supp. 2d 1237, 1331 (M.D. Fla. 2013) (refusing to include punitive damages in calculating amount in controversy where they were not properly pled under Florida law.).

1. ***Plaintiffs Fail to Allege Any Trade Secrets Were Misappropriated Under the Defend Trade Secrets Act (Count II)***

Pursuant to 18 U.S.C. § 1836(b)(1), "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."

Plaintiffs have failed to allege a viable, plausible DTSA claim because they have failed to plead that they took any reasonable measures to protect their purported trade secrets, and their pleadings conclusively establish that they took (and continue to take) no such measures. *See* 18 U.S.C. § 1839(3) (providing that alleged trade secret owners must have "taken reasonable measures to keep such information secret").

In support of their DTSA claim, Plaintiffs attach bills of lading and rate confirmations which specifically identify Plaintiffs' so-called "confidential" customers. Compl., ¶ 35, Exs. D, E. This begs the question, if these customers constitute trade secrets why have Plaintiffs identified them to their Complaint for public consumption? And while Plaintiffs call these customer lists "confidential" in the Complaint, the Agreement contains no provision requiring Defendants to keep Plaintiffs' customers confidential. Because Plaintiffs cannot plausibly allege that the customer lists are a trade secret, their DTSA claims fails.

In addition, Plaintiffs fail to allege Defendants misappropriated trade secrets. Under the DTSA, "misappropriation" is defined as

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(B) disclosure or use of a trade secret of another without express or implied consent by a person who—
    (i) used improper means to acquire knowledge of the trade secret;
    (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was—
        (I) derived from or through a person who had used improper means to acquire the trade secret;

14

> > (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> > (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> (iii) before a material change of the position of the person, knew or had reason to know that—
> > (I) the trade secret was a trade secret; and
> > (II) knowledge of the trade secret had been acquired by accident or mistake.

18 U.S.C. §§ 1839(5)(A) & (B).  Thus, an essential step in determining whether Plaintiffs have properly alleged whether a trade secret was "misappropriated" is whether Plaintiffs allege a trade secret was (1) acquired by "improper means"; (2) "acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret"; or (3) "acquired by accident or mistake."[3]  *Id*.  Under the DTSA, "'improper means' (A) includes theft, bribery misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means; and (B) does not include reverse engineering, independent derivation, or any other lawful means of acquisition."  18 U.S.C. § 1839(6) (emphasis added).

Here, Plaintiffs fail to allege any facts to support the allegation that Defendants acquired a trade secret by improper means.  All that Plaintiffs allege is Defendants "misappropriated" trade secrets without any facts to support the claim.  Compl., ¶ 31.  The Complaint also fails to allege any facts to support an allegation that Defendants had a duty to maintain the secrecy of, or limit the use of, any trade secret.  The Agreement makes no mention of "trade secrets," contains no confidentiality provisions, and permits Bald Eagle to service "companies [and] customers who were serviced by [Bald Eagle] as a result of this agreement," so long as the continued service was agreed to by the parties in writing.  Compl., Ex. A.  The Agreement does not obligate Defendants

---

[3] Because Plaintiffs do not attempt to allege that any trade secrets were acquired by accident or mistake, this basis for alleging misappropriation is not addressed here.

to maintain secrecy or limit the use of any trade secret.  Accordingly, Count III of the Complaint should be dismissed for Plaintiffs' failure to state a claim upon which relief can be granted.

### 2. *Plaintiffs Fail to Allege Any Trade Secrets Were Misappropriated Under the Florida Uniform Trade Secrets Act (Count I)*

The Florida Uniform Trade Secrets Act ("FUTSA") consists of a nearly identical statutory framework as that of the DTSA, and therefore the analysis of whether Plaintiffs' state a claim for relief under FUTSA is the same as that described above with regard to the DTSA.

"In order to prove a claim for misappropriation of trade secrets under FUTSA, a plaintiff must prove that: (1) it possessed confidential information and took reasonable steps to protect its secrecy; (2) defendant misappropriated the confidential information; and (3) plaintiff's confidential information derives independent economic value from not being generally know[n] or ascertainable through proper means." *Fin. Info. Techs., Inc. v. iControl Sys., USA, LLC*, 2018 WL 3391379, at *4 (M.D. Fla. June 12, 2018) (citing Fla. Stat. § 688.002; *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998); *ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 985 (Fed. Cir. 2014); *Medimport S.R.L. v. Cabreja*, 929 F. Supp. 2d 1302, 1322 (S.D. Fla. 2013)).

Like the DTSA, the FUTSA defines misappropriation as

(a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(b) Disclosure or use of a trade secret of another without express or implied consent by a person who:
    1. Used improper means to acquire knowledge of the trade secret; or
    2. At the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was:
        a. Derived from or through a person who had utilized improper means to acquire it;
        b. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
        c. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

16

3. Before a material change of her or his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Fla. Stat. § 688.002(2).

"'Improper means' includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." Fla. Stat. § 688.002(1).  Notably, "[d]isclosing the information to others who are under no obligation to protect the confidentiality of the information defeats any claim that the information is a trade secret." *M.C. Dean, Inc. v. City of Miami Beach, Fla.*, 199 F. Supp. 3d 1349, 1353 (S.D. Fla. 2016) (internal citation omitted).

As described above with regard to Plaintiffs' DTSA claim, the allegations in the Complaint are insufficient to state a cause of action under FUTSA because Plaintiffs have taken no measures to keep their customer lists secret by disclosing the information in the Complaint.  Plaintiffs also fail to provide any facts in support of any acquisition of confidential information by improper means.  Nor do they allege any facts to support the allegation that Defendants were under any duty to maintain the confidentiality of any information whatsoever.  Accordingly, like Count II above, Count I should be dismissed.

### 3. *The Breach of Contract Claim Fails to State a Claim for Relief (Count III)*

#### a. <u>Jaigobind Lacks Standing to Pursue Claims Against Defendants Because He Is Not a Party to the Agreement</u>

A motion to dismiss for lack of standing implicates the court's subject matter jurisdiction. *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (noting that "because the constitutional standing doctrine stems directly from Article III's 'case or controversy' requirement, th[e] [standing] issue implicates our subject matter jurisdiction, and accordingly must be addressed as a threshold matter. . . .").  "[A] motion to dismiss for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.,* 501 F.3d 1244, 1251 (11th Cir. 2007). Where, as here, a motion to dismiss is based on a facial attack on the complaint, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008) (explaining that a trial court's standard of review of a motion to dismiss under Rule 12(b)(1) is the same as for a motion to dismiss under Rule 12(b)(6)).

Under Florida law, an individual owner lacks standing to prosecute a company's claims in the individual owner's own name. *See Greenfield v. Stein*, 16 So. 3d 967, 968 (Fla. 3rd DCA 2009) (affirming dismissal of shareholder as an individual party plaintiff in suit brought by corporation and its shareholder against lenders). If the claims asserted had merit, which they do not, only the real party in interest, which is Full Moon, should have brought the complaint, not its owner, Jaigobind. *James Talcott, Inc. v. McDowell*, 148 So. 2d 36, 37 (Fla. 3rd DCA 1962) (noting the general rule that shareholders, officers, and directors do not have standing to prosecute the corporation's claim in their own name). Therefore, the Complaint by Jaigobind should be dismissed for lack of standing.

**b.  <u>Plaintiffs Cannot Pursue Claims Against Nus Because He Is Not a Party to the Agreement</u>**

It is axiomatic that one cannot breach a contract to which he is not a party. *See Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1372 (S.D. Fla. 2011) (nonparty actions do not give rise to breach of contract claims). Such is the case for Defendant Nus who is not a party to the Agreement, and thus could not have breached it or any of its implied terms. The

document itself (Compl., Ex. A), plainly shows that Nus is not a party to the Agreement. All claims, including the breach of contract claim, therefore be dismissed with prejudice as to Nus.

### c. **Defendants' Alleged Failure to Provide 30-Days' Notice Was Not Material**

Under Florida law, a material breach is an essential element of a breach of contract claim. *Beck v. Lazard Freres & Co.*, 175 F.3d 913, 914 (11th Cir. 1999). A breach is not material unless its nonperformance goes "to the essence of the contract; it must be the type of breach that would discharge the injured party from further contractual duty on his part." *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So.2d 853, 857 (Fla. 4th DCA 1976). Mere "failure to perform some minor part of [a party's] contractual duty cannot be classified as a material or vital breach." *Covelli Family, L.P. v. ABG5, L.L.C.*, 977 So.2d 749, 752 (Fla. 4th DCA 2008) (quoting *Beefy Trail*, 267 So.2d at 857).

Any breach arising from Defendants' failure to provide 30 day's written notice of termination of the Agreement did not go to the "essence" of the contract. The essence of Agreement was that Full Moon (the dispatcher) would connect shippers with Bald Eagle (the carrier). Plaintiffs do not allege any damages caused by an alleged failure to provide adequate termination notice or that Defendants failed to provide carrier services pursuant to the Agreement, except to claim, without any specificity, that Defendants breached the Agreement by continuing to service Full Moon's "companies and customers" without Full Moon's authorization. Accordingly, any breach caused by Defendants' alleged failure to provide sufficient notice of termination was not a material breach and cannot form the basis for a breach of contract claim.

### d. **Plaintiffs Fail to Allege any Facts Entitling Them to Relief**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires Plaintiffs to state "a short and plain statement of claim showing that the pleader is entitled to relief." A "plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Melillo v. Shendell & Assocs., P.A.*, 2012 WL 253205, at *3 (S.D. Fla. Jan. 26, 2012) (quotation marks omitted).  Failure to provide non-conclusory allegations setting forth a short and plain statement of claim warrants dismissal of the Complaint.  *See Carter v. Brown Mackie Coll. Miami & Educ. Mgmt. Corp.*, 2016 WL 6496632, at *1 (S.D. Fla. Feb. 4, 2016) ("allegations do not satisfy Rule 8's requirement that Plaintiff's complaint show that she is entitled to relief and that this Court has jurisdiction over her claims").

Plaintiffs' breach of contract claim fails to meet the requirements set forth under Rule 8(a)(2).  Other than stating repeatedly in a conclusory manner that "Defendants have continued to solicit and do business with the companies and customers who have been serviced by carrier as a result of the Agreement" (Compl., ¶ 45), Plaintiffs fail to identify the "companies and customers" serviced by Bald Eagle resulting from the Agreement or when and where Defendants provided the alleged services.  Plaintiffs' boilerplate allegations fall woefully short of Rule 8 notice requirements, and therefore, the Complaint should be dismissed.

### 4.  *Plaintiffs Fail to State an Unjust Enrichment Claim (Count IV)*

Plaintiffs' unjust enrichment claim fails because it "incorporates allegations concerning the existence of a contract between the parties."  *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 7311872, at *3 (M.D. Fla. Dec. 22, 2017) (granting motion to dismiss unjust enrichment claims that were duplicative of breach of contract claim); *see also Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 1st DCA 2008) (same).  Even pled in the alternative, Plaintiffs' unjust enrichment claim is based on the same subject matter and same facts in support of their breach of contract.  *Cf.* Compl. ¶ 52 (claiming Defendants received benefits of payments

20

received from Plaintiffs' customers following termination); *id.*, ¶ 59 (claiming Plaintiffs conferred a benefit on Defendants through Plaintiffs' customer compilations).  Thus, the claim fails for the same reasons discussed above.

## CONCLUSION

For all of the foregoing reasons, the Complaint should be dismissed with prejudice in its entirety.

Dated: January 3, 2022

<div style="margin-left:40%">

THOMPSON LLP

By: /s/ Andrew R. Goldenberg
Andrew R. Goldenberg, Of Counsel (admitted pro hac vice)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 924-3040

BOND, SCHOENECK & KING PLLC

Thomas K. Rinaldi
4001 Tamiami Tr. N., Suite 105
Naples, Florida 34103
Telephone: (239) 659-3866
Facsimile: (239) 659-3812

*Attorneys for Defendants*

</div>

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Per Local Rule 3.01, Defendants' counsel conferred with Plaintiffs' counsel on December 30, 2021.  Plaintiffs' counsel advised that they opposed the motion and the requested relief sought herein.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 3rd day of January 2022 using the Court's CM/ECF system which will send electronic notification to all counsel of record.

*/s/ Andrew R. Goldenberg*

22

13532464.1