UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FULL MOON LOGISTICTICS,<br>A Florida Limited Liability Company,<br>and<br>JADESH JAIGOBIND,<br>an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BALD EAGLE LOGISTICS, INC.,<br>a New Jersey Corporation,<br>and<br>MALIAN NUS,<br>an individual, | Case No.: 8:21-cv-02695-WFJ-AAS |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND STAY THE
ACTION OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' COMPLAINT**

THOMPSON LLP

75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 924-3040

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

   A.    The Elements Necessary to Compel Arbitration Are Satisfied ........................................ 1

       1.    A Valid Written Agreement to Arbitrate Exists ............................................................ 1

          i.    The Arbitration Provision Is Not Procedurally Unconscionable ................................. 2

          ii.    The Arbitration Provision Is Not Substantively Unconscionable ............................... 4

       2.    Defendants Have Not Waived Their Right to Arbitrate ................................................ 6

       3.    The Claims Are Indisputably Within the Scope of The Arbitration Provision ............ 7

   B.    The Court Lacks Personal Jurisdiction over Defendants .................................................. 7

   C.    Venue is Improper ............................................................................................................. 9

   D.    The Complaint Does Not Plead the Necessary Amount in Controversy ......................... 9

   E.    The Complaint Should Be Dismissed for Failure to State a Claim ............................... 10

       1.    Plaintiffs Fails to Allegation a Violation Under Florida Uniform Trade Secrets Act ("FUTSA") (Count 1) or the Defend Trade Secrets Act ("DTSA") (Count II) .......... 10

       2.    Plaintiffs Fail to Allege Breach of Contract (Count III) ............................................ 11

       3.    Plaintiffs Admit There Is No Unjust Enrichment Claim (Count IV) .......................... 13

CONCLUSION ............................................................................................................................. 13

# **TABLE OF AUTHORITIES**

*Abels v. JPMorgan Chase Bank, N.A.*,
   678 F. Supp. 2d 1273 (S.D. Fla. 2009) ................................................................. 2,

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) ................................................................................................. 7

*Bejarano v. Ovations Food Serv., LP*,
   2019 US Dist. LEXIS 84543 (S.D. Fla. 2019) .......................................................10

*Bentley v. EFN W. Palm Motor Sales, LLC*,
   214 F. Supp. 3d 1299 (S.D. Fla. 2016) ................................................................ 4, 6

*Boswell v. Swerdlin*,
   2008 US Dist. LEXIS 129463 (S.D. Fla. Sep. 24, 2008) ....................................... 11

*Clifford v. BJ's Wholesale Club, Inc.*,
   2016 US Dist. LEXIS 147614 (S.D. Fla. Oct. 24, 2016) ....................................... 10

*Escobar v. Celebration Cruise Operator, Inc.*,
   805 F.3d 1279 (11th Cir. 2015) ................................................................................5

*Espinosa v. Rick's Cabaret Intl., Inc.*,
   2014 US Dist. LEXIS 54052 (S.D. Fla. 2014) ........................................................ 6

*Gainesville Health Care Ctr., Inc. v. Weston*,
   857 So. 2d 278 (Fla. 1st DCA 2003) ...................................................................... 3

*Garcia v. Wachovia Corp.*,
   699 F.3d 1273 (11th Cir. 2012) ............................................................................... 6

*Grant v. Jp Morgan Chase & Co.*,
   2019 US Dist. LEXIS 179098 (M.D. Fla. Oct. 16, 2019) ....................................... 6

*Greenfield v. Stein*,
   16 So. 3d 967 (Fla. 3rd DCA 2009) ..................................................................... 12

*Oginsky v. Paragon Props. of Costa Rica LLC*,
   784 F. Supp. 2d 1353 (S.D. Fla. 2011) ................................................................. 12

*Real v. Carnival Corp.*,
   2011 WL 13223730 (S.D. Fla. Feb. 28, 2011) ....................................................... 5

*Robey v. JPMorgan Chase Bank, N.A.*,
   343 F. Supp. 3d 1304 (S.D. Fla. 2018) ................................................................... 9

*Shotts v. OP Winter Haven, Inc.*,
   86 So. 3d 456 (Fla. 2011) ........................................................................................ 1

*United States v. Assets Described in "Attachment A" to the Verified Complaint for Forfeiture in Rem*,
  799 F. Supp. 2d 1319 (M.D. Fla. 2010) ................................................................................... 7

*Valencia v. 1300 Ocean Drive, LLC*,
  2017 WL 7733158 (S.D. Fla. Dec. 4, 2017) ............................................................................ 2

**Statutes**

28 U.S.C. § 1332 ............................................................................................................................ 9

**PRELIMINARY STATEMENT**

Defendants[1] submit this reply in further support of their motion to compel arbitration and stay the action or, in the alternative, to dismiss Plaintiffs' complaint that is void of both merit and truth.

As described below, Plaintiffs have improperly raised new "facts" and theories of relief in an attempt to go outside the four corners of their pleading to present support for their meritless arguments as to why this lawsuit should not be stay or dismissed. The Court should disregard such arguments. Bald Eagle terminated the Agreement with Full Moon due to its failure to perform. Plaintiffs took that opportunity to bring Defendants, a New Jersey resident who is not even a party to the Agreement (Nus) and a small New Jersey transportation company (Bald Eagle), to federal court in Florida notwithstanding the Arbitration Provision that Full Moon solely drafted into the Agreement, in an effort to extort a nuisance value settlement. Plaintiffs' conduct and false submissions to the Court as described below are abusive, and the Complaint should be dismissed with costs for lack subject matter jurisdiction, lack of personal jurisdiction, improper venue, or, in the alternative, for failure to state a claim. At the very least, the action should be stayed pending the outcome of arbitration.

**ARGUMENT**

**A. The Elements Necessary to Compel Arbitration Are Satisfied**

*1. A Valid Written Agreement to Arbitrate Exists*

The question of "whether a valid written agreement to arbitrate exists" is controlled by the principles of state contract law. *Shotts v. OP Winter Haven, Inc.*, 86 So. 3d 456, 464 (Fla. 2011). As such, defenses to a valid arbitration agreement are limited to the traditional contract defenses

---

[1] Capitalized terms used herein shall have the same meaning ascribed to them in Defendants' Opening Brief. ECF Doc. 24.

1

of fraud, duress, and unconscionability. *Id.* at 464-65. As with all Florida contracts, the party seeking to avoid obligations under the contract bears the burden of proving one of the foregoing defenses. *Id.* Thus, the well-established Florida rule is that one who signs a contract is generally bound by the contract. *Valencia v. 1300 Ocean Drive, LLC*, 2017 WL 7733158, at *3 (S.D. Fla. Dec. 4, 2017).

Here, Plaintiffs do not assert the existence of fraud or duress in the formation of the Agreement because there is no evidence to support any such defenses. Rather, Plaintiffs claim the Arbitration Provision is invalid because it is procedurally and substantively unconscionable. Opp. Br. at 4-8. What is unconscionable is Plaintiffs' blatant misrepresentations to the Court in an effort to redeem the filing of the Complaint in this action without having reviewed the Agreement that Plaintiffs proffered to Defendant Bald Eagle Logistics in its complete and final form. Plaintiffs falsely represent that Defendants assisted in the drafting of the Agreement in order to plead sympathy for the hardship that arbitration will present. Yet, the Agreement was drafted solely by Plaintiffs, including the arbitration provision, and Defendants took no part in the negotiation or drafting of the Agreement apart from signing it upon Plaintiffs' request.

### i. *The Arbitration Provision Is Not Procedurally Unconscionable*

Procedural unconscionability "involves consideration of issues such as the bargaining power of the parties and their ability to know and understand the disputed contract terms." *Abels v. JPMorgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1279 (S.D. Fla. 2009). Here, Plaintiffs claim the Arbitration Provision is procedurally unconscionable because of "unequal bargaining power" and the imbalanced "sophistication of the parties." Opp. Br. at 5. These arguments fail.

Plaintiffs prepared the Agreement and Bald Eagle signed it. On August 18, 2021, Jaigobind sent Nus an email with the Agreement attached and requested his signature. Nus Decl., ¶ 2. In

the email Jaigogind writes: "Please sign the attached dispatch agreement which will allow me to dispatch Bald Eagle Logistic's drivers. Thank you!" *Id.*, ¶ 3. Nus, on behalf of Bald Eagle, signed the Agreement without making any changes to the document. *Id.*, ¶ 4. Neither Nus nor Bald Eagle took any part in drafting or negotiating the Agreement. *Id.*, ¶ 5. Thus, Plaintiffs' statement that they were "dependent on Defendant in drafting the Agreement" is an outright lie.

Plaintiffs cannot now claim ignorance, misunderstanding, or dissatisfaction concerning an agreement they single-handedly prepared and submitted to Defendants for execution. *See Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 288 (Fla. 1st DCA 2003) ("One should not be permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or because, in retrospect, the bargain turns out to be disadvantageous; to sanction such a result would be to render contracts worthless as a tool of commerce.").

Plaintiffs argue the Arbitration Provision was "hidden among the text and fine print, and was unclear…." Opp. Br. at 5. The Agreement Plaintiffs presented to Defendants for signature is a form agreement that is accessible online by running a Google search for "dispatcher carrier agreement."[2] Plaintiffs modified parts of the form agreement, including the Arbitration Provision. The standard online form agreement contains an arbitration clause (also § 10) which states, in relevant part: "Where a dispute or disagreement arises, both parties agree to tender the issue to binding arbitration in the 'State of **Your State**.'" *Id*. (emphasis added). Plaintiffs modified § 10 by replacing "Your State" with "Florida." Compl., Ex. A at 3. Plaintiffs had the wherewithal to

---

[2] A search for the term "dispatcher carrier agreement" on Google.com produces the form agreement as the first search result: https://irp-cdn.multiscreensite.com/219ef348/files/uploaded/WAW%20DISPATCHER%20AGREEMENT.2019.pdf

3

download the form agreement, review it and modify the very section they now claim was "hidden." Opp. Br. at 5.

Plaintiffs should be held accountable for the Agreement they prepared. If the Court were to deny enforcement of the Arbitration Provision, this would effectively allow Plaintiffs to avoid the consequences of a contract they not only freely entered into, but solely drafted, simply because, in retrospect, Plaintiffs regret their drafting.

### ii. *The Arbitration Provision Is Not Substantively Unconscionable*

Substantive unconscionability "requires an assessment of whether the contract terms are so outrageously unfair as to shock the judicial conscience." *Abels*, 678 F. Supp. 2d at 1279 (internal quotations and citation omitted). Similar to their procedural unconscionability arguments, Plaintiffs have not presented anything that shows the Arbitration Provision Plaintiffs prepared and presented to Bald Eagle is outrageously unfair or shocks the judicial conscience. Setting aside the frivolity of arguing the unfairness of one's own form agreement, there is nothing unfair or shocking about the clause. Plaintiffs argue the Arbitration Provision is substantively unconscionable because the provision imposes substantial costs on Plaintiffs. Opp. Br. at 6-8. Plaintiffs again miss the mark.

As explained in the *Bentley v. EFN W. Palm Motor Sales, LLC*, 214 F. Supp. 3d 1299, 1305 (S.D. Fla. 2016) (internal quotes and citations omitted):

> An agreement to arbitrate is unenforceable only if the cost of arbitration effectively precludes a claimant from vindicating his federal statutory rights in the arbitral forum. However, where, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs. Under *Green Tree*, a party seeking to avoid arbitration based upon prohibitive costs has an obligation to offer evidence of the amount of fees he is likely to incur, as well as of his inability to pay those fees.

4

Thus, Plaintiffs are obligated to offer evidence of (1) the amount of costs to be incurred in arbitration and (2) their inability to pay those costs. *Id*. "[S]imply stating that the costs and fees of arbitration are prohibitive, without more, can[not] operate to defeat an otherwise enforceable arbitration agreement." *Real v. Carnival Corp.*, 2011 WL 13223730, at *3 (S.D. Fla. Feb. 28, 2011). Because Plaintiffs offer no evidence to meet their burden of proof on these points and offer only their mere speculation, their costs argument presents no reason to refuse to compel arbitration. *Bentley*, 214 F. Supp. 3d at 1306 (finding plaintiff's showing "is wholly inadequate to establish that the arbitration would result in prohibitive costs" where "Plaintiff has not provided a non-speculative estimate of arbitration costs, nor has he set forth any information about his assets or income. Plaintiff's argument is thus purely speculative and insufficient to avoid enforcement of the Arbitration Agreement.").

*First*, Plaintiffs fail to meet their burden to prove the costs of arbitration. Plaintiffs complain of the costs to arbitrate under JAMS (Opp. Br. at 6-7) when the Arbitration Provision does not require the parties to use any specific arbitration association. The costs of one single arbitral body in no way speak for them all. Accordingly, Plaintiffs' specter of "substantial costs" (Opp. Br. at 7) is baseless. Plaintiffs have not met-and cannot meet-their burden to prove the costs of arbitration would be prohibitive. *See Escobar v. Celebration Cruise Operator, Inc.,* 805 F.3d 1279, 1291 (11th Cir. 2015) (affirming order compelling arbitration; "The 'party seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive...bears the burden of showing the likelihood of incurring such costs.'") (internal quote and citation omitted).

*Second*, Plaintiffs have failed to meet their burden to establish their inability to pay the costs of arbitration. *Bentley,* 214 F. Supp 3d at 1302 (plaintiff failed to "present[] the Court with

5

any information pertaining to his alleged inability to pay, such as income, assets, and Expenses"); *Espinosa v. Rick's Cabaret Intl., Inc.*, 2014 US Dist. LEXIS 54052, at *5 (S.D. Fla. 2014) (where plaintiff failed to "provide any information about her own personal resources, assets or income to support this contention, [p]laintiff's argument is thus purely speculative and is insufficient to avoid enforcement of the arbitration agreement"). Similar to *Bentley* and *Espinosa*, Plaintiffs here, aside from asserting unsupported and unreasonably disproportionate damages from Defendants' alleged breach, offer no information about their inability to pay and thus fail to establish the second element of their prohibitive costs argument.

### 2. *Defendants Have Not Waived Their Right to Arbitrate*

Plaintiffs argue that Defendants "waived their right to arbitrate upon placing Plaintiffs at a severe financial loss when Defendants placed fraudulent chargebacks against Plaintiffs' accounts, blatantly disregarding the terms of the Agreement with actions that would seem to assert the desire for litigation on Defendants behalf." Opp. Br. at 5. Plaintiffs misunderstand the legal standard for waiver, which is determined by "whether a party has acted inconsistently with proceeding to arbitration, and if so, whether the party who acted inconsistently prejudiced the other party." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (citations omitted).

As stated in Defendants' opening brief, Defendants have not taken any action in this lawsuit, nor have they responded to the Complaint other than this motion for a stay and/or dismissal. *Grant v Jp Morgan Chase & Co.*, 2019 US Dist. LEXIS 179098, at *7 (M.D. Fla. Oct. 16, 2019) (Jung, J.) (granting motion to compel arbitration where response to complaint with a motion to dismiss did not constitute waiver of defendant's right to arbitrate). Claiming, without any evidence, that Defendants initiated unidentified "chargebacks" against Plaintiffs' accounts,

6

and that the chargeback somehow show Defendants' "desire" to litigate, is nonsensical and does not establish waiver.

### 3. *The Claims Are Indisputably Within the Scope of The Arbitration Provision*

The Arbitration Provision broadly encompasses any "dispute or disagreement," and cannot be denied application "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 653 (1986) (quotation marks omitted).

Plaintiffs do not dispute that the claims they allege in the Complaint fall within the scope of the Arbitration Provision. For example, Plaintiffs do not deny that the words "dispute or disagreement" include "services of a transportation or warehousing nature for compensation for any dispatcher customer without prior documented authorization from dispatcher . . . ." Compl., Ex A at § 10. Plaintiffs' claims arise from Defendants' alleged misappropriation of Plaintiffs' customers without Plaintiffs' authorization – customers obtained through the Agreement and nowhere else – and Defendants' alleged improper notice of termination. Plaintiffs' claims are therefore within the scope of the Arbitration Provision.

### B. **The Court Lacks Personal Jurisdiction over Defendants**

In opposition, Plaintiffs fail to reference **any** jurisdictional facts in the Complaint that establish personal jurisdiction over Defendants. Instead, for the first time Plaintiffs claim that Nus "owns and operates" several Florida companies and has "current" and "active" business addresses in Florida. Opp. Br. at 9. These unsubstantiated statements should not be considered by the Court. *United States v. Assets Described in "Attachment A" to the Verified Complaint for Forfeiture in Rem*, 799 F. Supp. 2d 1319, 1328 (M.D. Fla. 2010) (on a motion to dismiss a complaint, matters outside the four corners of the complaint may not be considered). Plaintiffs have not alleged any

7

facts in the Complaint to bring Defendants within the ambit of Florida's long-arm statute. The sole alleged basis for personal jurisdiction over Defendants in the Complaint is § 10 of the Agreement, which only applies to "binding arbitration in the 'State of Florida.'" Compl., Ex A at § 10. This barebone allegation does not apply to District Court actions, and therefore, is insufficient to require Defendants to be haled into court in Florida.

Notwithstanding the Court's lack of jurisdiction over Defendants due to the existence of an arbitration provision, Plaintiffs have not alleged any facts showing Defendants have sufficient minimum contacts with Florida to satisfy due process. Plaintiffs argue due process is not violated because "Defendants agreed to any disputes being decided under the laws of the State of Florida" (Opp. Br. at 12), however, the Agreement does not contain a governing law clause. The only reference to "Florida" is in the Arbitration Provision which states "both parties agree to tender the issue to binding arbitration in the 'State of Florida.'" Compl., Ex. A. There is no mention what law governs the "binding arbitration," and nowhere else in the Agreement is there reference to which law governs disputes between the parties. The Complaint alleges that "Defendants have contracted with Plaintiff and agreed to venue in Florida." Compl., ¶ 5. The "contract" Plaintiffs reference, however, is the Agreement that mandates arbitration, not litigation, in Florida. *Id.* The Arbitration Provision does not constitute a forum selection clause for purposes of litigation. The Fourteenth Amendment due process requirements thus cannot be met here.

Struggling to find jurisdiction over Defendants, Plaintiffs for the first time advance a new theory and new facts nowhere to be found in the Complaint: that the Court has personal jurisdiction over Bald Eagle as the alter ego of Nus because Bald Eagle disputed "authorized charges and payments via Quickbooks Intuit in an excess of $15,000" and the dispute was initiated by Nus as Bald Eagle's alter ego. Opp. Br. at 13-14. Plaintiffs' preposterous new argument should be

8

rejected because the Complaint is devoid of any facts supporting alter ego liability or any disputed "Quickbook" charges. Plaintiffs simply parrot the factors considered by courts in veil-piercing claims to somehow claim Bald Eagle is Nus's alter ego and that both Defendants "committed a crime of fraud" for allegedly daring to dispute charges and payments made to Plaintiffs.

### C. Venue is Improper

Plaintiffs do not dispute that the complaint fails to cite any federal statute for venue purposes. The only allegation in the Complaint concerning venue is based on the allegation that Defendants "agreed to venue in Florida" based on the Arbitration Provision. Compl., ¶ 5. As stated above, the Arbitration Provision only deals with arbitrations – not District Court actions. Plaintiffs also do not dispute that the crux of the Complaint, *i.e.*, that Defendants procured "business" from "Plaintiff's confidential business compilations," relates to transportation services between states other than Florida. *See* Compl., ¶ 19, Exs. D, E (goods shipped between Georgia, Massachusetts, and Kentucky). Plaintiffs argue venue is proper because Plaintiffs suffered injury in Florida. Opp. Br. at 15-16. But the law makes clear "[i]n analyzing whether [] events or omissions are a substantial part of the claims, the Court must focus on relevant activities of the defendant, not of the plaintiff." *Robey v. JPMorgan Chase Bank, N.A.*, 343 F. Supp. 3d 1304, 1314 (S.D. Fla. 2018) (emphasis added and quotation marks omitted). So even if Plaintiffs are located in Florida, the Complaint still fails to allege that Defendants took any action in Florida. Venue is thus improper in this District.

### D. The Complaint Does Not Plead the Necessary Amount in Controversy

The Complaint does not plead facts to show that the amount in controversy exceeds $75,000 to establish diversity jurisdiction under 28 U.S.C. § 1332. In opposition, Plaintiffs argue

9

that Exhibits A, C, and D to the Complaint demonstrate Plaintiffs' demand for damages exceeds $75,000. Opp. Br. at 16-17. Plaintiffs are wrong.

Exhibit A is the Agreement. Compl. Ex. A. The Agreement does not specify a dollar figure that Defendants owe Plaintiffs, except for the $10,000 liquidated damages clause which is beneath the required threshold.

Exhibit C is a pre-suit demand letter titled "Notice of Demand to Remedy Breach of Contract." *Id.*, Ex. C. "[A] pre-suit demand letter, on its own, is generally an insufficient basis to determine the amount in controversy." *Bejarano v Ovations Food Serv., LP*, 2019 US Dist. LEXIS 84543, at *5 (S.D. Fla. 2019). The Complaint does not allege any monetary damages and the pre-suit demand letter does not detail how the damages were quantified. *Clifford v. BJ's Wholesale Club, Inc.*, 2016 US Dist. LEXIS 147614, at *5 (S.D. Fla. Oct. 24, 2016) (remanding where pre-suit letter did not detail damages and Defendant could not point to any other evidence to substantiate the requisite amount).

Exhibit D is a "Rate Confirmation" document that lists a "Total Carrier Pay" of $2,250 and a "Bill of Lading" with no monetary amount referenced in the document. Compl. Ex. D. It is unclear how these documents fit into the Complaint, let alone how they establish the amount in controversy requirement.

Without any facts to show that the amount in controversy is satisfied, this lawsuit should be dismissed.

### E. The Complaint Should Be Dismissed for Failure to State a Claim

#### 1. Plaintiffs Fails to Allegation a Violation Under Florida Uniform Trade Secrets Act ("FUTSA") (Count 1) or the Defend Trade Secrets Act ("DTSA") (Count II)

Plaintiffs have failed to allege plausible claims under the DTSA and FUTSA. Plaintiffs argue that Exhibits D, E, and F support their trade secrets claims and demonstrate "continued use

by Defendants of taking the vendors from prior loads and freights supplied by Plaintiffs…." Opp. Br. at 19.  A close examination of the exhibits show no such thing.  In fact, it is unclear how these documents show misappropriation of anything, let alone a purported trade secret.  In any event, if we accept Plaintiffs' allegations as true for purposes of this motion, the exhibits identify Plaintiffs' so-called "confidential" customers.  Plaintiffs fail to explain how the customers are "confidential," yet are attached to the Complaint without any redactions for public viewing.  The reason there are no redactions is because the exhibits do not contain confidential information and do not constitute "trade secrets" under the DTSA or FUTSA.

Plaintiffs have failed to allege any facts to support the allegation that Defendants acquired a trade secret by improper means or facts to support an allegation that Defendants had a duty to maintain the secrecy of, or limit the use of, any trade secret.  Plaintiffs do not dispute the Agreement makes no mention of "trade secrets," contains no confidentiality provisions, and does not obligate Defendants to maintain secrecy or limit the use of any trade secret.

### 2. *Plaintiffs Fail to Allege Breach of Contract (Count III)*

Plaintiffs argue that Jaigobind and Nus signed the Agreement in their individual capacities and are bound by its terms.  Opp. Br. at 20-21.  Plaintiffs are wrong again.  "In determining the intent of the parties as to who is actually a party to an agreement, such is usually revealed by the 'nature and character of the agreement.'"  *Boswell v Swerdlin*, 2008 US Dist. LEXIS 129463, at *9-10 (S.D. Fla. Sep. 24, 2008) (citing omitted).

The Agreement here is unambiguous as to the parties involved.  The Agreement is titled "Dispatcher-Carrier Agreement."  Compl., Ex. A at 1.  The "Dispatcher" is Full Moon and the "Carrier" is Bald Eagle.  The introductory paragraph identifies the parties to the Agreement:

> This Agreement is made on August 18, 2021, by and between 'Full Moon Logistics, LLC', hereafter referred to as 'dispatcher', and Bald Eagle Logistics, Inc. referred to as 'carrier'.

*Id*. Nowhere in the Agreement is either Jaigobind or Nus identified as a party to the Agreement. The signatures block to the Agreement explicitly lists Full Moon and Bald Eagle as the parties with Jaigobind and Nus signing as the "Owner" of each. *Id*. As a result, Jaigobind lacks standing to assert the breach of contract claim[3] and Full Moon has no claim against Nus because he is not a party to the Agreement.[4]

Furthermore, Plaintiffs argue that the 30 days' notice provision was material because it "went to the essence of the contract: dispatching services over a period of time" and because the Agreement "made clear to Defendants that Plaintiffs would suffer immediate and irreparable injury should Defendants breach the terms of the Agreement." Opp. Br. at 22. Section 2 of the Agreement states that "[t]he terms of this agreement shall be perpetual, provided that either party may terminate this agreement by giving 30 days written notice to the other." Compl., Ex. A. The section makes no mention of "immediate or irreparable" harm because failing to provide adequate notice on a contract that can be terminated at any time without cause does not constitute a material breach.

The essence of the Agreement was that Full Moon (the dispatcher) would connect shippers with Bald Eagle (the carrier). Plaintiffs fail to identify any damages caused by Defendants' alleged failure to provide adequate termination notice. Defendants' purported failure to provide adequate notice was immaterial and had no impact on the rights and obligations of the parties.

---

[3] *Greenfield v. Stein*, 16 So. 3d 967, 968 (Fla. 3rd DCA 2009) (affirming dismissal of shareholder as an individual party plaintiff in suit brought by corporation and its shareholder against lenders).

[4] *Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1372 (S.D. Fla. 2011) (nonparty actions do not give rise to breach of contract claims)

### *3. Plaintiffs Admit There Is No Unjust Enrichment Claim (Count IV)*

Plaintiffs do not dispute that the unjust enrichment claim incorporates allegations concerning the Agreement and that it is based on the same subject matter and same facts in support of their breach of contract claim. Plaintiffs state that "[i]f Defendants are agreeing and stipulating that an express contract is in existence, then dismissal of the count of unjust enrichment is proper…." Opp. Br at 23. There is no dispute between the parties that there is an express contract (the Agreement) which governs the dispute here between the contracting parties. Accordingly, the unjust enrichment claim should be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court should compel arbitration and stay the action or, in the alternative, dismiss the Complaint with prejudice in its entirety.

Dated: January 31, 2022

        THOMPSON LLP

        By: /s/ Andrew R. Goldenberg
        Andrew R. Goldenberg, Of Counsel (AG 8213)
        75 Broad Street, Suite 2120
        New York, New York 10004
        Telephone: (212) 920-6050
        Facsimile: (646) 924-3040

        *Attorneys for Defendants*